# Exhibit 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| URBAN COMMONS QUEENSWAY, LLC, ) | Case No. 21-10051 (KBO) |
| ) | |
| Debtor. ) | |

**STIPULATION PROVIDING DANNY HARRIS
LIMITED RELIEF FROM THE AUTOMATIC STAY
TO PURSUE CLAIMS AGAINST THE DEBTOR**

**Recitals**

A. On October 13, 2017, Danny Harris ("Harris") suffered injuries while on the premises of the Debtor's property (dba The Queen Mary) located at 1126 Queen Highway, Long Beach, CA 90802.

B. Harris has requested a limited relief from automatic stay so the parties can resolve Harris' tort claims against the Debtor in the action entitled *Danny Harris v. Urban Commons, LLC and Urban Commons Queensway, LLC* filed in the Superior Court of the State of California, Los Angeles County, Case No. 19STCV34891 ("Action") on October 1, 2019 (the "Claims"). Thereafter, on February 18, 2020, Plaintiff amended his Complaint to add Epic Entertainment Group, LLC as a defendant. Currently, there is a pending June 8, 2022 trial date, and Plaintiff requests a limited relief from automatic stay to resolve this matter against all of the named defendants within the policy limits prior to the current trial date.

C. On January 18, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code") which was jointly administered under the case of EHT US1, Inc., *et al.,* Bk. No. 21-10036.

D. Upon information and belief, the Debtor was the lessor of the RMS Queen Mary, a retired British ocean liner permanently docked in the Port of Long Beach, California which was operated as a hotel. The hotel ceased operations on May 7, 2020. The primary asset of the Debtor was the hotel lease ("Hotel Lease"). While in Chapter 11, the Debtor attempted to find a buyer for the Hotel Lease; however, it was unsuccessful and was unable to sell its assets. On July 7, 2021, the Hotel Lease and other executory contracts and unexpired leases of the Debtor were rejected. While the other debtors that were jointly administered with EHT US1 Inc. successfully sold their assets and confirmed a plan that became effective on December 28, 2021, this Debtor was not part of that plan. On February 8, 2022, an Order was entered converting the above captioned case from chapter 11 to chapter 7 of the Bankruptcy Code.

E. On February 9, 2022, Jeoffrey L. Burtch was appointed as interim trustee for the Debtor pursuant to Section 701 of the Bankruptcy Code ("Trustee").

F. The prosecution of the Claims is stayed on the Petition Date pursuant to the operation of the automatic stay set forth in section 362(d) of the Bankruptcy Code.

G. Counsel for Harris contacted counsel for the Debtor in the civil Action and thereafter counsel for the Debtor in the Bankruptcy matter and, as a result of these communications, the parties were able to agree upon the terms set forth herein (the "Stipulation") for providing Harris with limited relief from the automatic stay to (a) resolve the pending Action and (b) recover against the Debtor from any applicable insurance proceeds available.

ACCORDINGLY, THE PARTIES HEREBY STIPULATE AND AGREE THAT:

**Agreement**

1. Harris shall have limited relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to proceed with the Tort Claims against the Debtor for the purpose of

pursuing recovery of Harris' tort damages from the proceeds of any applicable insurance coverage, provided that: (a) nothing contained herein shall be deemed a waiver of any rights or defenses to coverage of any insurer under any insurance policies issued to the Debtor that may be implicated by any State Court Action; (b) nothing herein shall be deemed or interpreted to expand the insurance coverage or applicability of such coverage that may be available with respect to any State Court Action; and (c) any self-insured retention provisions of any such insurance policies shall remain in full force and effect, provided that the Debtor's estates shall have no obligation under any of the insurance policies to spend any money or incur any cost in defense of any State Court Action.  All such rights, remedies, defenses, defenses to coverage, Claims and payment rights are expressly reserved and preserved.  Further, all rights of subrogation and contribution also are expressly reserved and preserved.

2. The Chapter 7 Trustee for the Debtor's bankruptcy estate (the "Trustee") is not obligated to participate in any manner with the defense of any Claim litigation, including but not limited to, discovery, mediation, arbitration, or trial and no party to the Claim litigation shall be permitted to serve any subpoena upon the Trustee absent further order of this Court.

3. Harris shall not directly or indirectly (a) seek to compel the Trustee or the bankruptcy estates, to pay any deductible, any retainage, self-insured retention or any other amount for or on account of any insurance carrier, provider, broker, or policy; provided that, notwithstanding anything to the contrary in this Stipulation or this Order, Harris' right to file a proof of claim with respect to any unpaid deductible, retainage, self-insured retention or retained limit, is preserved, subject to the Trustee's right to object to such claim.  Harris shall not be entitled to file an administrative or priority Claims under section 503 or 507 or other applicable section of the Bankruptcy Code.

4. Harris hereby waives his rights, if any, to collect from any of the Debtor's officers, directors, employees, equity sponsors, successors, and assigns, with respect to the Tort Claims, and agree to limit any recovery she may obtain in the Tort Claims to (a) the recovery from the estates through a filed proof of claim and (b) any available liability insurance proceeds which exceed any applicable self-insured retention or deductible as set forth above.

5. Any claims that Harris has through the Debtor against its insurance providers or related parties, as well as any defenses and Claims the Debtor or its insurers have against Harris are unaffected by this Stipulation and are expressly preserved.

6. Except as otherwise expressly set forth herein, the automatic stay shall remain in full force and effect with the respect to the Debtor and its estates.

7. Except as otherwise expressly set forth herein, nothing contained herein shall alter, expand or in any way effect the parties' respective rights under the Bankruptcy Code and other applicable law.

8. Each person signing this Stipulation, including but not limited to any person signing as counsel for a party, hereby represents and warrants that he or she has been duly authorized and has the requisite authority to enter into this Stipulation on behalf of and bind the party on whose behalf they so sign.

9. This Stipulation was the product of negotiations between the parties and any rule of construction requiring that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Stipulation.

10. The Bankruptcy Court shall retain exclusive jurisdiction over any issues arising from or relating to this Stipulation and its enforcement, and, if any State Court Action is initiated, the State Court shall retain jurisdiction over the State Court Action.

11. This Stipulation shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to Delaware's rules regarding conflict of laws.

12. This Stipulation constitutes the entire agreement among the parties.

13. This Stipulation may be executed by the Parties hereto in counterparts, each of which shall be deemed an original, and all of which together shall constitute the same instrument.

| | |
|---|---|
| LAW OFFICE OF SUSAN E. KAUFMAN, LLC | LAW OFFICES OF STUART BERKLEY |
| */s/ M. Claire McCudden* <br> Susan E. Kaufman (Bar No.3381) <br> M. Claire McCudden (Bar No. 5036) <br> 919 North Market Street, Suite 460 <br> Wilmington, DE 19801 <br> Tel.: 302-472-7422 <br> Fax.: 302-792-7420 <br> skaufman@skaufmanlaw.com <br> cmccudde@skaufmanlaw.com | /s/ Benjamin G. Berkley <br> Benjamin G. Berkley, Esq. <br> 15760 Ventura Blvd., Suite 700 <br> Encino, CA 91436-3016 <br> Telephone (818) 257-4124 <br> benjamin@sberkleylaw.com <br><br> and |
| *Counsel to the Trustee* | Steven L. Mazza, Esq. <br> Paul S. Zuckerman, Esq. <br> CARPENTER, ZUCKERMAN <br> 8827 West Olympic Boulevard <br> Beverly Hills, California 90211 <br> Tel: (310) 273-1230 <br> Fax: (310) 858-1063 <br> bceron@cz.law <br> omitchell@czrlaw.com <br><br> *Counsel for Danny Harris* |