IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| URBAN COMMONS QUEENSWAY, LLC, | ) | Case No. 21-10051 (KBO) |
| | ) | |
| Debtor. | ) | **Related Docket No. 47** |
| | ) | |
| THE CITY OF LONG BEACH, | ) | Adv. No. 21-50316 (KBO) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **Related Docket No. 47** |
| URBAN COMMONS QUEENSWAY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO APPROVE STIPULATION BETWEEN THE CITY OF LONG BEACH AND THE CHAPTER 7 TRUSTEE RESOLVING ALL REMAINING ISSUES IN REGARD TO: (1) THE PENDING ADVERSARY PROCEEDING; (2) THE CITY'S ADMINISTRATIVE CLAIM MOTION; AND (3) AGREEMENTS BETWEEN THE CITY AND THE DEBTOR, AND BETWEEN THE DEBTOR AND A THIRD PARTY, IN REGARD TO A MOTION PICTURE AND A SEQUEL RELATED TO THE QUEEN MARY**

Upon Consideration of the *Motion filed by Jeoffrey L. Burtch, (the "Trustee) to Approve Stipulation between the City of Long Beach and the Trustee Resolving All Remaining Issues in Regard to (1) the Pending Adversary Proceeding; (2) the City's Administrative Claim Motion; and (3) Agreements Between the City and the Debtor, and Between the Debtor and a Third Party, in Regard to a Motion Picture and a Sequel Related to the Queen Mary* (the "Motion"); and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and that this matter is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2); and that notice was appropriate under the circumstances; and the Court further finding that good and sufficient cause

exists for granting the relief requested in the Motion; therefore, after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** and the Stipulation is **Approved**.

2. The Adversary Proceeding[1] shall be dismissed with prejudice, and with the parties bearing their own fees and costs. The City shall prepare a stipulation of dismissal of the Adversary Proceeding pursuant to Bankruptcy Rule 7041(a)(1)(A)(ii), with terms consistent with the Stipulation, and send to the Trustee for approval. The City shall file the stipulation of dismissal with the Bankruptcy Court.

3. In full resolution of the Administrative Claim Motion and the Administrative Claim asserted in Claim 25, including asserted unliquidated amounts, the City shall have one allowed chapter 11 administrative claim in the amount of One Hundred Forty-Three Thousand Five Hundred Forty-One Dollars and no/100 Dollars ($143,541.00). Nothing contained in this Order, the Motion or the Stipulation shall modify or eliminate the requirement, if any, for the Debtor's insurance carriers to defend and indemnify the City as to claims and lawsuits against the City based on personal injury claims on the premises that was leased by the City to the Debtor.

4. Claim 25 is deemed to amend Claim 821.

5. Claim 26 and Claim 27 shall be expunged in their entirety, as duplicative of Claim 25.

6. Nothing in the Stipulation is intended to address the general unsecured claim asserted by the City in Claim 25. The City and the Trustee reserve all rights and defenses with respect to the City's general unsecured claim.

---

[1] Capitalized Terms not otherwise defined shall have the meaning given in the Stipulation.

7. In full resolution of all issues regarding the Movie Agreement, (a) the Licensing Agreement between the City and the Debtor terminated on June 4, 2021; (b) the right to make any determinations regarding the Movie Agreement is solely the right of the City and not the Trustee; and (c) the Trustee, on behalf of the Debtor's estate, does not have any rights to receive any future amounts from IDWP based on the Movie Agreement or otherwise. Any such future amounts due to the Debtor or to the City under the Movie Agreement shall be paid to the City and not to the Trustee or the Debtor's estate.

8. The Trustee and the City are authorized and directed to take any and all actions and to execute any and all documents necessary and appropriate to implement and effectuate the terms of the Stipulation.

9. The Court reserves jurisdiction regarding the interpretation, effectuation and enforcement of the terms of this Order and the Stipulation.

Dated: September 5th, 2023
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE